UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 2230,                       Docket No.

                         Petitioner,

      -against-                                       **PETITION TO CONFIRM**
                                                               **AN ARBITRATION AWARD**

BROOKHAVEN SCIENCE ASSOCIATES, LLC d/b/a
BROOKHAVEN NATIONAL LABORATORY,

                         Respondent.
------------------------------------------------------------------------X

Petitioner, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 2230 ("Petitioner" or "Local 2230"), by its attorneys, COLLERAN, O'HARA & MILLS L.L.P., as and for its Petition respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185 and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, to confirm and enforce an Arbitrator's Award pursuant to a Collective Bargaining Agreement ("CBA") between Local 2230 and BROOKHAVEN SCIENCE ASSOCIATES, LLC d/b/a BROOKHAVEN NATIONAL LABORATORY ("Respondent" or "Brookhaven").

## PARTIES

2. At all times relevant herein, Petitioner, was and still is a labor organization in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. §152, with its principal offices located at 3650 NY-112, #102, Coram, New York 11727. Local 2230 is the certified bargaining representative for certain employees of the Respondent.

3. Upon information and belief, Respondent, was and still is an employer within the meaning of Section 501 of the LMRA, 29 U.S.C. §152, and maintains its principal place of business at 400 Center Street, Building 490, Upton, New York 11973.

4. Upon information and belief and at all times mentioned, Brookhaven is a foreign business corporation licensed to conduct business within the State of New York.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the within matter pursuant to the Labor Management Relations Act §301, 29 U.S.C. §185, and the Federal Arbitration Act, 9 U.S.C.§9.

6. Venue is proper with this Court as the Arbitration Award to be confirmed was made within this district.  9 U.S.C. §9.

## FACTUAL BACKGROUND

7. At all relevant times to this proceeding, Local 2230 and Brookhaven have been and continue to be parties to a CBA effective August 1, 2018 through July 31, 2023.  A copy of the CBA is annexed hereto as Exhibit "A".

8. Pursuant to the CBA, any dispute arising thereunder, including any dispute regarding Brookhaven's non-compliance with any of the terms of the CBA, shall be determined by final and binding arbitration.  See Ex. A, CBA §12.01(c).

9. A dispute did arise between Local 2230 and Brookhaven regarding Brookhaven's unilateral decision to permit some, but not all, bargaining unit members to work from home after Brookhaven resumed on-campus work activities.

10. A dispute further arose with respect to whether those employees were being paid in accordance with the CBA.  See Ex. A, CBA §4.13.

11. On June 23, 2020, Local 2230 filed a charge with the National Labor Relations Board ("NLRB").  A copy of the June 23, 2020 charge is annexed hereto as Exhibit "B".

12. On July 22, 2020, Local 2230 amended their initial charge with the NLRB. A copy of the July 22, 2020 amended charge is annexed hereto as Exhibit "C".

13. On August 19, 2020, Local 2230 withdrew one portion of its amended charge. On August 21, 2020, the NLRB deferred the matter to the parties' grievance and arbitration process. A copy of the NLRB's August 21, 2020 letter is annexed hereto as Exhibit "D".

14. On October 2, 2020, Local 2230 filed a third step grievance which stated that:

> The Laboratory failed to bargain with the Union before unilaterally instituting a new staffing schedule and rotation in the Graphic Design group within the Creative Resources department. This unilateral schedule change occurred after the Employer has resumed operations and after Long Island began ending the quarantine. The unilateral schedule has violated Section 4.13 of the CBA in that employees who have worked during the excused period were not paid at the rate of one and one-half (1 ½) time their regular base rate.

A copy of the third step grievance is annexed hereto as Exhibit "E".

15. On October 7, 2020, the parties held a third step meeting to discuss the grievance. Brookhaven denied the grievance in its answer to the third step grievance in a letter dated October 9, 2020. A copy of Brookhaven's answer to the third step grievance is annexed hereto as Exhibit "F".

16. Local 2230 subsequently demanded arbitration of the grievance and requested a panel of arbitrators from the Federal Mediation and Conciliation Services on November 18, 2020. A copy of the demand is annexed hereto as Exhibit "G".

17. The parties duly selected Peter Gillespie as the Impartial Arbitrator and a hearing was held before Arbitrator Gillespie on March 5, 2021.

18. At the close of the hearing, the parties stipulated to the following issue:

> Whether the subject of work from home assignments and their impacts are mandatory subjects of bargaining and whether, in any event, the management rights provision(s) of the Collective Bargaining Agreement reserves to management the right to make such assignments?

A copy of Arbitrator Gillespie's Opinion and Award dated May 4, 2021 (hereinafter "Award") is annexed hereto as Exhibit "H".

19. Thereafter, Arbitrator Gillespie rendered his Opinion and Award on May 4, 2021 determining the dispute between the parties. See Ex. H.

20. The Arbitrator found that grievance had merit and ordered the following remedies:

> A. Any bargaining unit employee working in the graphic arts group who, following the end of the Emergency Period, was assigned to perform their work from home shall be made whole and shall be receive an additional wage payment of one-half times their normal base rate for all hours worked from home; provided, however, this this remedy shall be implemented beginning only on October 2, 2020, and will continue forward from that date. This limitation is consistent with §12.01(c), Step 4 of the contract which limits my authority to provide back bay as follows: "the arbitrator shall not have the authority to … to order back pay for any period prior to the date on which a grievance was originally submitted to the Laboratory in accordance with Step 1." The only grievance submitted in evidence was filed on October 2, 2020.
>
> B. Upon request from either party the Employer and the Union will bargain over issues relating to work locations other than traditional on-site assignments for bargaining unit employees. This duty to bargain will include work-at-home assignment should either party request discussion on that subject. Such negotiations may include, but not be limited, the following subject matter: Clarifying or modifying the application of the third paragraph of §4.13; Assignment of other than on-site work locations and the availability, if any, for voluntary work-at-home assignments for bargaining unit workers; Wages, benefits and related terms and conditions of employment to apply if a work location is other than an on-site location; and such other matters as the parties may wish to address.

> Please bear in mind that the duty to bargain requires all parties to approach the discussion in good faith, hoping to reach a mutual resolution. It does not, however, impose any further duty, such as an obligation to agree.

Ex. H, Award, page 18.

21. The Arbitrator provided his Award simultaneously to counsel for the parties *via* electronic mail.

22. On May 7, 2021, Local 2230's President, Frank Raynor, requested, *via* electronic mail, a meeting to bargain with Brookhaven regarding the work from home issues. A copy of Frank Raynor's May 7, 2021 electronic mail is annexed hereto as Exhibit "I".

23. On May 7, 2021, Brookhaven responded and advised that it was reviewing its options for appealing the Award. A copy of Brookhaven's response is annexed hereto as Exhibit "J".

24. On May 11, 2021, Local 2230's President, Frank Raynor, requested, *via* electronic mail, confirmation that the affected employees would receive their backpay. A copy of Frank Raynor's May 11, 2021 electronic mail is annexed hereto as Exhibit "K".

25. To date, Brookhaven has failed to comply with the Award.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Local 2230 repeats and reiterates each and every allegation contained in paragraphs 1 through 25 as though fully set forth at length herein and with the same force and effect.

27. Section 9 of the Federal Arbitration Act requires that a Court confirm an Arbitrator's Award, upon application made within one (1) year, unless the Award is vacated, modified, or corrected under Section or 11 of the Federal Arbitration Act.

28. Petitioner brings this application within one (1) year of the Award.

29. The Award is a final and binding resolution of the dispute between Local 2330 and Brookhaven which now requires confirmation by this Court to effectuate the relief contained therein.

**WHEREFORE,** Petitioner respectfully prays for an Order and Judgment in favor of Local 2230:

    a. Confirming the Arbitration Award of Impartial Arbitrator Peter Gillespie dated May 4, 2021;

    b. Ordering Brookhaven Science Associates to comply with the terms of the Arbitration Award of Impartial Arbitrator Peter Gillespie dated May 4, 2021; and

    c. Granting such other and further relief as this Court may deem just and proper, together with reasonable attorneys' fees and costs and disbursements of this proceeding.

Dated: Woodbury, New York
       May 25, 2021

Respectfully submitted,

COLLERAN, O'HARA & MILLS L.L.P.

By:    */s/ Thomas P. Keane*
THOMAS P. KEANE (TK4425)
Attorneys for Petitioner
100 Crossways Park Drive West, Suite 200
Woodbury, New York 11797
(516) 248-5757
tpk@cohmlaw.com

To: Brookhaven Science associates, LLC
    d/b/a Brookhaven National Laboratory
   400 Center Street, Building 490
   Upton, New York 11973